The judgment of the court was pronounced by
Rost, J.
We are of opinion, that the sale in this case having been made under a consent decree, the partition has not the character of a judicial partition. In all judicial partitions, the fact that the property cannot be conveniently divided in kind must be made to appear by a report of experts. Placencia’s heirs v. Placencia et als. 8 L. R. 576.
In this case no experts were appointed, and no evidence of that fact was adduced. It does not necessarily follow, from the fact that the property consisted of a house and lot, that it could not be divided in kind. The buildings may have been of little value, and the location such as to render a sub-division advantageous to the parties. Had the licitation been in all respects lawful, the property would not have passed in the hands of the purchaser free from the legal mortgage, which affected the share of one of the joint owners. The act of 1843 relied on by the plaintiffs, is not applicable to licitations under which the property is adjudicated to a party having previously no interest in it. Such an adjudication is not, in legal intendment, a partition. It is a sale., and does not affect the rights of mortgage creditors. Any intimation of this court to the contrary, must have originated in a mis-reading of the act of 1843.
The difficulty which prevents F. J. Lecarpentier, the plaintiff in the rule, from receiving his share of the proceeds of the sale of the .common property, may be obviated in three ways. 1st. By giving the defendant .satisfactory security to indemnify her against the mortgage ; 2d. By causing his share to be invested in real estate, under the supervision of the court, and the advice of a family meeting, and giving a special mortgage on the property thus purchased under the provisions of the act of 1831; or, finally, by agreeing with the defendant, that she will retain the amount until the majority of the minors, on paying a stipulated rate of interest. Leaving the plaintiff the choice of means, we will simply affirm the judgment, dismissing the rule,
The judgment is affirmed.